UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HUGHES,

      Plaintiff,                                                    No. 18-11168

v.                                                                 Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S MARCH 20, 2019 REPORT AND RECOMMENDATION [18] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying his applications for disability insurance and supplemental security income. The Court referred the matter to the Magistrate Judge, who recommends granting in part and denying in part Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 18.) Defendant raises one objection to the Magistrate Judge's report and recommendation, and Plaintiff has responded to that objection. (Dkts. 19, 20.) Having conducted a *de novo* review of the part of the Magistrate Judge's report to which a specific objection has been filed, the Court SUSTAINS Defendant's objection. Therefore, the Court ACCEPTS AND ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's report and

REJECTS her recommendation. For the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment (dkt. 11); GRANTS Defendant's motion for summary judgment (dkt. 16); and AFFIRMS the decision of the Commissioner of the Social Security pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

### A. *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B. Substantial Evidence Standard

"This [C]ourt must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also

supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

III.     Analysis

Plaintiff raised three issues in his motion for summary judgment: 1) whether the ALJ erred in failing to find that his impairments meet or equal Listings 1.02B or 1.04A, 2) whether the ALJ erred by discounting the opinion of his treating physician, Dr. Rizwan, and 3) whether the ALJ erred by posing a hypothetical question to the vocational expert that did not include all of his functional limitations. The Magistrate Judge found that substantial evidence supports the ALJ's determination that Plaintiff did not meet or equal Listings 1.02B or 1.04A, but that the ALJ failed to properly weigh the opinion of Plaintiff's treating physician and, thus, a remand was warranted. The Magistrate Judge noted that this finding rendered the vocational expert issue moot and therefore did not address it.

### A. Plaintiff's First Argument

No party has objected to the Magistrate Judge's finding regarding the first issue—that substantial evidence supports the ALJ's determination that Plaintiff's impairments did not meet or equal Listings 1.02B or 1.04A. "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, No. 09-10933, 2012 U.S. Dist. LEXIS 120541, at *2 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Court

nevertheless agrees with the Magistrate Judge's analysis. The Court, therefore, accepts and adopts the Magistrate Judge's analysis with regard to this issue.

### B. Plaintiff's Second Argument

Defendant objects to the Magistrate Judge's finding regarding the second issue and argues that the Magistrate Judge erred when she found that the ALJ failed to properly weigh the opinion of the treating physician. Defendant argues that the Magistrate Judge is holding the ALJ to a standard higher than is required and that when looking at the ALJ's decision as a whole, the ALJ sufficiently articulated the reasons for giving Plaintiff's treating physician's opinion partial weight. The Court agrees.

The ALJ noted that Dr. Rizwan had a treating relationship with Plaintiff but only gave some weight to Dr. Rizwan's opinion. (Dkt. 9-2, PgID 49.) More specifically, the ALJ gave some weight to Dr. Rizwan's opinion "to the extent [Plaintiff] had severe physical impairments resulting in pushing, lifting, and grasping limitations of not more than 20 pounds," but found that Dr. Rizwan's "statement that [Plaintiff] was unable to sit, stand or walk more than two to four hours of an eight-hour workday was not supported by the longitudinal medical record, as well as the medical evidence from Dr. Rizwan, especially those records from Exhibit 7F."[1] (*Id.*) The Magistrate Judge found this "cursory reference to the entire medical record, with emphasis on the documents within the 92-page Exhibit 7F" not a meaningful explanation for the weight given to Dr.

---

[1] The ALJ also gave "little weight for the doctor's opinion relative to his lifting, pulling and pushing limitations of not more than 30 to 40 pounds, as this appeared contradictory to the previous stated 20-pound limit."

Rizwan's opinion. (Dkt. 18, PgID 593.) The Magistrate Judge, therefore, recommended remanding this case for reconsideration of the weight given to Dr. Rizwan's opinion.

While the Magistrate Judge is correct that an ALJ who gives less than controlling weight to a treating physician's opinion must "'give good reasons'" for doing so, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)), "[a]n ALJ may accomplish the goals of [the good reason requirement] by *indirectly* attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record," *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) (unpublished). Also, as Defendant notes, it is proper for the Court to read the ALJ's assessment of the treating physician's opinion "together with the ALJ's decision as a whole." *See Vitale v. Comm'r of Soc. Sec.*, No. 16-12654, 2017 U.S. Dist. LEXIS 159500, at *5 (E.D. Mich. Sept. 28, 2017).

Here, while the ALJ summarily referred to the "longitudinal medical record, as well as the medical evidence from Dr. Rizwan, especially those records from Exhibit 7F" as the reason he was discounting Dr. Rizwan's statement, he had discussed this medical evidence earlier in his decision at length. In addition, the ALJ had highlighted certain pieces of evidence and explained how they supported his residual functional capacity ("RFC") determination that Plaintiff could perform light work. (Dkt. 9-2, PgID 48.) For example, the ALJ noted that "[r]elative to [Plaintiff's] spine condition, Exhibits 2F, 6F, and 7F showed degenerative changes 'mildly to moderately' severe and 'stable' with medication, ice and exercise;" "[i]n late 2016 his gait, lower extremity muscle tone/strength, and straight leg raise tests were normal (Ex. 7F);" and "[i]n Exhibit 1F and 7F, [his] foot pain was better with custom orthotics, Ibuprofen and home exercises."

(*Id.*)  Thus, reading the ALJ's assessment of Dr. Rizwan's statement, together with the ALJ's decision as a whole, the Court is satisfied the ALJ sufficiently set forth the reasons he gave Dr. Rizwan's opinion only some weight.  *See Vitale*, 2017 U.S. Dist. LEXIS 159500, at *5; *see also Dailey v. Colvin*, No. 1:13-CV-01755, 2014 U.S. Dist. LEXIS 82267, at *23 (N.D. Ohio June 17, 2014) (noting "[t]he fact that the ALJ did not analyze the medical evidence for a second time (or refer to her previous analysis) when rejecting [the treating physician]'s opinion does not necessitate remand of Plaintiff's case").  The Court, therefore, sustains Defendant's objection and rejects the Magistrate Judge's analysis with regard to this issue.

### C. Plaintiff's Third Argument

Because the Court rejects the Magistrate Judge's finding that a remand is warranted in this case for reconsideration of the weight given to the treating physician's opinion, Plaintiff's argument regarding the question posed to the vocational expert is no longer moot and the Court will address it.  Plaintiff argues that the ALJ erred by relying on the vocational expert's response to his hypothetical question because it did not accurately portray Plaintiff's impairments.  More specifically, Plaintiff notes that the ALJ's question to the vocational expert, as well as his final RFC determination, did not include any limitations regarding the use of his hands, even though Plaintiff has pain and stiffness due to Dupuytren's contractures.

As the Magistrate Judge noted in her discussion of whether Plaintiff's impairments met or equaled Listing 1.02B, there was substantial evidence in the record supporting the ALJ's conclusion that Plaintiff's Dupuytren's contractures did not result in an inability to perform his activities of daily living.  (*See* dkt. 18, PgID 586.)  For

example, the ALJ gave great weight to the consultative physical examination findings from Dr. Khaleel, who noted that even though Plaintiff had Dupuytren's contractures in his pinkies, he retained the ability to zip, button his clothing, and tie his shoelaces. (Dkt. 9-2, PgID 46, 49.) Moreover, Dr. Khaleel noted that Plaintiff's reflexes and grip strength were full, his sensation was intact, and there was no muscular atrophy. (*See id.* at PgID 46.) The ALJ also considered a rheumatology clinic evaluation, during which Plaintiff's shoulders, elbows, and wrists appeared non-tender with a normal range of motion. Muscle strength remained 5-out-of-5 in all extremities and reflexes were normal. (*Id.*) The ALJ also noted that Plaintiff underwent surgery to correct Dupuytren's contractures in his left small and ring fingers with no reported surgical complications. (*Id.* at PgID 47.) Finally, Plaintiff himself reported that he could drive, shower, change his clothing, cook dinner, and shop for groceries. (*See* dkt. 9-6.) This evidence also supports the ALJ's final RFC determination, even though it did not include any limitations regarding Plaintiff's use of his hands. Moreover, Plaintiff's own treating physician, Dr. Rizwan, opined that Plaintiff could push, lift, and grasp up to 20 pounds. (*See* dkt. 9-2, PgID 49.) In sum, the Court finds there was substantial evidence in the record supporting the ALJ's RFC determination.

## IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant's objection and ACCEPTS AND ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's report and REJECTS her recommendation. Moreover, the Court DENIES Plaintiff's motion for summary judgment (dkt. 11); GRANTS Defendant's motion for summary

7

judgment (dkt. 16); and AFFIRMS the decision of the Commissioner of the Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 9, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager